J-S64032-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ADAM PASTORIES | : | |
| | : | |
| Appellant | : | No. 821 WDA 2019 |

Appeal from the Order Dated May 30, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011675-2015

BEFORE:  BOWES, J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED JANUARY 2, 2020**

Adam Pastories (Pastories) appeals from the order of the Court of Common Pleas of Allegheny County (trial court) denying his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, as untimely.  We affirm.

We take the following factual background and procedural history from the PCRA court's August 30, 2019 opinion and our independent review of the record.  On March 3, 2016, Pastories entered a negotiated guilty plea to two counts of his second violation of Failure to Comply with Registration Requirements.[1]  The same day, the court sentenced him on count one, failure

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(1), (2).

to register with the Pennsylvania State Police, to a term of incarceration of not less than four nor more than eight years' incarceration pursuant to the plea's terms. No further penalty was imposed on the second count, failure to verify address/be photographed. Pastories did not file post-sentence motions or a direct appeal.

On January 1, 2018, Pastories filed his first PCRA petition *pro se*. Appointed counsel filed an amended petition. The PCRA court dismissed it without a hearing and on December 27, 2018, we affirmed the dismissal and Pastories sought no further review from our Supreme Court.

On February 8, 2019, Pastories filed a Motion to Correct Illegal Sentence. He maintained that at the time he entered his plea, both counts of Failure to Register were graded felonies of the first degree when they should have been felonies of the third degree, resulting in an illegal sentence that exceeds the statutory maximum. Alternatively, he claimed that the counts should have been graded as felonies of the third degree as of August 27, 2018, when his first conviction of Failure to Register was vacated in his case at docket number 3065-2012, thus making this a first, not second, offense. (**See** PCRA Petition, 2/08/19, at 2).

Treating the motion as his second PCRA petition, the court, after a hearing, denied Pastories's request as untimely, with no exception allowing an out-of-time PCRA to the time-bar pled or proven. (**See** Hearing, 5/24/19, at

18; Order, 5/30/19; PCRA Court Opinion, 8/30/19, at 4). Pastories timely appealed. He and the court complied with Rule 1925. *See* Pa.R.A.P. 1925.[2]

Before turning to Pastories's illegal sentence claim, we must consider whether the court properly treated his motion as a PCRA petition. It is well-settled that any motion filed after a judgment of sentence becomes final is to be treated as a PCRA petition because "the PCRA is intended to be the sole means of achieving collateral relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) (citation omitted). *See Taylor*, *supra* at 465-66 (contention that sentence exceeds statutory limit "is undoubtedly cognizable under the PCRA.") (citing 42 Pa.C.S. § 9543(a)(2)(vii)); *see also Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011), *appeal denied*, 47 A.3d 845 (Pa. 2012) (concluding defendant's motion to correct illegal sentence was properly addressed as PCRA petition). Therefore, the court properly treated his motion as a PCRA petition subject to the time restrictions provided in the statute.

Next, we must consider if the PCRA court properly found that Pastories's petition was untimely. "It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time bar implicates the [C]ourt's very power to adjudicate a controversy and prohibits a court from

---

[2] "The question of whether a petition is timely raises a question of law. [Hence], our standard of review is *de novo* and our scope of review plenary." *Taylor*, *infra* at 468 (citations omitted).

extending filing periods except as the statute permits." ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016) (citations omitted). Under the PCRA, any petition for relief must be filed within one year of the date on which the judgment of sentence becomes final. ***See*** 42 Pa.C.S. § 9545(b)(1). "A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Robinson***, ***supra*** at 185 (internal quotation marks and citation omitted). Because his judgment of sentence became final on April 3, 2016, i.e., 30 days after his time to file a direct appeal to this Court expired, 42 Pa.C.S. § 9545(b)(3), Pastories had until April 3, 2017, to file a timely PCRA petition unless he pled and proved one of the statutory exceptions to the time-bar.[3]

Not disputing that it would otherwise be time-barred, Pastories references the newly discovered facts exception in his appellate brief. (***See*** Pastories's Brief, at 13). However, "exceptions to the time bar must be pled in the PCRA petition and may not be raised for the first time on appeal."

---

[3] The three exceptions that allow for review of an untimely PCRA petition are limited to: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. ***See*** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

*Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 959 A.2d 927 (Pa. 2008) (citations omitted); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Our thorough examination of the certified record reveals that Pastories failed to plead any timeliness exception below. (***See*** PCRA Petition, at 1-2). In fact, at the PCRA hearing, he maintained that his motion was not a PCRA petition and conceded that if treated as such, it would be time-barred. (***See*** N.T. Hearing, 5/24/19, at 8, 10); (***see also*** PCRA Ct. Op., at 4 (expressly noting that Pastories "did not plead or otherwise present evidence that any of the exceptions to the one-year time period applies."). Hence, because Pastories failed to set forth any of the enumerated exceptions to the time-bar requirement in the PCRA court, he waived[4] them and we lack jurisdiction to review the claim he raises for the first time on appeal. ***See Burton***, ***supra*** at 525.

Accordingly, for the foregoing reasons, we lack jurisdiction to consider Pastories's issue on appeal and we affirm the PCRA court's dismissal of his petition as untimely. ***See Wiley***, ***supra*** at 1157.

Order affirmed.

---

[4] Pastories maintains that illegal sentence claims cannot be waived. However, it is well-settled that, "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition[,]" which implicates our jurisdiction. ***Taylor***, ***supra*** at 465 (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/2/2020